UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRONE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SUFFOLK UNIVERSITY<br><br>    Defendant. | Civil Action No. _____<br><br>[On removal from Superior Court of Norfolk County, Massachusetts, Civil Action No. 2482CV00996] |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant Suffolk University ("Suffolk" or "Defendant") hereby gives notice of the removal of the civil action captioned as *Tyrone Johnson v. Suffolk University*, Civil Action No. 2482CV00996, from the Superior Court of Norfolk County, Massachusetts (the "State Court Action"), to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(a), Defendant attaches as Exhibit 1 hereto a copy of all process and pleadings served on Defendant in the State Court Action, and state as follows:

**I.  TIMELINESS OF REMOVAL**

1.  Plaintiff Tyrone Johnson ("Plaintiff") filed his Complaint (the "Complaint") on or about October 15, 2024. Defendant received the Complaint on October 17, 2024. This Notice of Removal is therefore timely filed within thirty (30) days of notice of the State Court Action, as required under 28 U.S.C. § 1446(b).

**II.  JURISDICTION AND GROUNDS FOR REMOVAL**

2.  In paragraphs 32 to 40 of the Complaint, Plaintiff alleges that Defendant violated

federal law, specifically Title VII of the Civil Rights Act of 1964.

3. Defendant is entitled to remove the State Court Action to this Court, pursuant to 28 U.S.C. § 1446, because this Court has original jurisdiction over this matter under the provisions of 28 U.S.C. §1331 (establishing federal question jurisdiction).

## III. REMOVAL TO THIS COURT IS PROPER

4. Because this case was initially filed in the Superior Court of Norfolk County, Massachusetts, the Eastern Division of the United States for the District of Massachusetts is the proper Court to which removal should be effected, as required for removal under 28 U.S.C. §§ 1441(a) and 1446(a).

## IV. NOTICE

5. Copies of this Notice of Removal are being served upon Plaintiffs and filed with the Clerk of Court of the Norfolk County Superior Court, Massachusetts, in satisfaction of 28 U.S.C. § 1446(d).

## V. NON-WAIVER OF DEFENSES

6. Defendants reserve the right to raise all defenses and objections to the Complaint and allegations set forth therein after the State Court Action is removed to this Court.

WHEREFORE, Defendant Suffolk University respectfully requests that this action, now pending in the Norfolk County Superior Court, Massachusetts, be removed to the United States District Court for the District of Massachusetts, Eastern Division.

Respectfully submitted,
**SUFFOLK UNIVERSITY**
By its attorneys,


/s/ Arielle B. Kristan
Arielle B. Kristan (BBO# 677048)
   *akristan@hrwlawyers.com*
Tavish M. Brown (BBO# 714038)
   *tbrown@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
One Liberty Sq., 12th Floor
Boston, MA 02109
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: November 1, 2024


**CERTIFICATE OF SERVICE**

    I, Arielle B. Kristan, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 1, 2024.


 /s/ Arielle B. Kristan
Arielle B. Kristan

# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.
2482CV00996

TYRONE JOHNSON,
    Plaintiff,
v.

SUFFOLK UNIVERSITY
    Defendant.

COMPLAINT

## COMPLAINT

### PARTIES

1. The Plaintiff, TYRONE JOHNSON, is an individual residing in Stoughton, MA in Norfolk County Massachusetts. Tyrone Johnson would be a member of a protected class.

2. The Defendant, Suffolk University, is private coeducational institution of higher learning that has an address of 77 Tremont Street in Boston, MA 02108. Suffolk University would be an employer within the meaning of the G.L. 151B and Title VII.

### FACTS

3. Tyrone Johnson has been a Suffolk University Police Officer for thirty-three (33) years and he is a veteran and was also the President of the Suffolk University Police Officers Union. Tyrone Johnson is fifty-seven years old.

4. Tyrone Johnson has disabilities and Suffolk University is aware of his issues.

5. On September 11, 2023 a neighbor of Tyrone Johnson and his wife, Lucia, called the Lynn Police Department regarding an alleged argument at the Johnson's residence.

6. The Lynn Police showed up at the Johnson residence and the police report states that Tyrone Johnson bumped into Lucia and locked Lucia in the bathroom, It is a fact that the bathroom does not have a lock and Lucia stated she went into the bathroom herself. There was no restraining order issued and Tyrone was booked then went home.

7. Lucia Johnson was interviewed by the Suffolk University Police, however, there is no documentation regarding this interaction and the Suffolk University Police Department

indicated in its report that Lucia would not communicate with them. This would be incorrect as Lucia stated the issue was only a marital argument.

8. The case against Tyrone Johnson was dismissed on February 6, 2024.

9. Gerard Colletta, the interim captain, conducted an internal investigation and concluded that Tyrone Johnson physically assaulted his wife, Lucia and locked her in a bathroom closet. This conclusion was reached despite Tyrone Johnson denying said allegations and Lucia Johnson stating that it was only a marital argument. Even though Tyrone Johnson has thirty-three years of service and a great record at the Suffolk University Police Department, Gerard Colletta took the position that Tyrone Johnson was not credible.

10. The internal investigation concluded that Tyrone Johnson violated the Suffolk University Police Department Code of Conduct for Criminal Conduct, Conduct Unbecoming a Police Officer, Abusive Treatment, Harassment and Discrimination, Truthfulness and the Law Enforcement Code of Ethics.

11. All the above alleged violations were reached despite the case being dismissed, failing to include the communication with Lucia Johnson stating nothing occurred and a incorrect conclusion that Tyrone Johnson somehow locked Lucia Johnson in a bathroom closet.

12. The management and high ranking members of the Suffolk University Police Department had an issue with Tyrone Johnson as President of the Police Union and his positions and actions as President of the Union.

13. There are many current and former non-minority Suffolk Police Officers who committed offenses and were not terminated. These officers are mostly white and Tyrone Johnson is being treated differently than these officers and received different discipline.

14. Numerous White Officers had actual 209A and 258E Orders taken out against them, by family members or based on a relationship and these officers were treated differently than Mr. Johnson. Further, numerous white officers had criminal matters in a Court and faced different discipline than Mr. Johnson. Every year, Officers had to submit to Suffolk any incidences and throughout his time with Suffolk, numerous white officers either reported incidences involving law enforcement or the Courts and faced different discipline than Mr. Johnson.

15. Tyrone Johnson is fifty-seven years old minority police officer with thirty three years of service and he was targeted for termination by the administration based on his age and his race.
16. Tyrone Johnson was also targeted based on his actions as the President of the Police Union and in retaliation for his actions as President of the Union.
17. Tyrone Johnson had the case dismissed and has a solid marriage with Lucia and he has knowledge of issues involving other Suffolk employees, including police officers who had marriage issues and were not subject to the same discipline. Lucia Johnson was intimidated by the Suffolk Police Officers and felt harassed. She did speak to them and informed Suffolk that nothing occurred and she did not want to communicate with them.
18. White fellow workers had serious issues and were hired or not disciplined in the same manner as Tyrone Johnosn and other fellow minority workers were treated in a disparate manner of discipline than non-minority employees.
19. All the above would be disparate treatment based upon Tyrone Johnson being an older member of a protected class and in retaliation for being the Union President and the previous filing the MCAD Complaint.
20. As a result of the discriminatory and retaliatory actions taken against Tyrone Johnson by named respondents, Tyrone Johnson suffered severe emotional distress.
21. For the foregoing reasons, Tyrone Johnson charges Respondents with unlawful discrimination on the basis of race discrimination, age discrimination and retaliation in violation of M.G.L. c. 151B and applicable state and federal law and regulations.
22. Suffolk University disregarded the obvious and substantial examples of disparate treatment and exercised no reasonable care or care at all and has continued on with this conduct until this present time.
23. Tyrone Johnson timely files this complaint with MCAD.

## CAUSES OF ACTIONS

### COUNT I: DISCRIMINATION BASED ON RACE IN VIOLATION OF M.G.L. C. 151B AND TITLE VII OF THE CIVIL RIGHTS ACT

24. Tyrone Johnson restates and re-alleges all preceding allegations as if fully recited herein.

25. Tyrone Johnson is a member of a protected class, he suffered harm as a result of the employer's adverse employment action, and the employer harbored discriminatory animus, which was the determinative cause of the adverse action." Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 752 N.E.2d 700, 711 (2001); Lewis v. City of Boston, 321 F.3d 207, 213-14 (1st Cir.2003) (construing Massachusetts law).

26. Tyrone Johnson is a member of a protected class and he suffered harm, both physical and emotional, based on respondents adverse employment actions, and it is clear that the respondent harbored discriminatory animus.

27. Tyrone Johnson did suffer an "adverse employment action" as a result of his race and in retaliation and Suffolk University did target and treat him in a different manner than white employees based upon his race, his age and in retaliation for his being Union President. Under G.L. c. 151B, § 4(4), adverse actions consist of a defendant's action to "'otherwise discriminate against' the plaintiff." Mole v. Univ. of Mass., 442 Mass. 582, 814 N.E.2d 329, 339 n. 14 (2004).

28. Tyrone Johnson can establish a prima facie case by adducing evidence that (i) he is a member of the protected class (ii) the quality of his work met the employer's legitimate expectations (iii) he suffered adverse actions under which he was treated differently than white employees, (iv) that this disparate treatment was based upon Tyrone Johnson being a minority.

29. Tyrone Johnson alleged that he was being treated differently and in a disparate manner based upon different standards of discipline than that of non-minority members of the Suffolk University Police Department and the Suffolk University employees that are white. There is also other examples of this disparate treatment with other minority police officers and Suffolk employees.

30. Tyrone Johnson alleges that the violation of his rights is continuing in nature and this Charge would be timely under G.L. 151B and based upon Tyrone Johnson fulfilling his obligations under G.L. 151B.

31. Tyrone Johnson has substantial actual damages and suffered severe emotional distress because of the conduct of Suffolk University.

### COUNT II: AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF M.G.L. C. 151B AND TITLE VII OF THE CIVIL RIGHTS ACT

32. Tyrone Johnson restates and re-alleges all preceding allegations as if fully recited herein.
33. Tyrone Johnson is a member of a protected class, and he suffered harm as a result of the employer's adverse employment action.
34. Tyrone Johnson is a member of a protected class as an African-American male, he suffered harm, both physical and emotional, based on defendants' adverse employment actions, and it is clear that defendant harbored discriminatory animus.
35. Tyrone Johnson did suffer an "adverse employment action" as a result of a complaint, grievance and action within the rights under both G.L. 151B and Title VII and he was harassed and targeted based on his filing of complaints, both internally and at the MCAD. He was also targeted based on his age and his disabilities.
36. Tyrone Johnson is being treated differently than white employees at Suffolk University and Suffolk University did nothing to stop these actions.
37. Tyrone Johnson has established a *prima facie* case of discrimination and retaliation by demonstrating that he is in a protected class, he was harassed, intimidated, targeted and in retaliation for being the Union President. and previously filed a complaint at the MCAD.
38. M.G.L. c.151B and Title VII prohibit employers or its agents, including supervisors, from discriminating and/or retaliating against an employee on the basis of gender, race or through acts protected under the above cited.
39. Tyrone Johnson is filing this complaint with the MCAD and EEOC within the required time standards.
40. Tyrone Johnson did suffer serious and substantial injury and damages as a result of the actions of Suffolk University and its employees.

**Tyrone Johnson Requests a Jury Trial**

**WHEREFORE,** Tyrone Johnson respectfully request that the Court grant the following relief:

Enter Judgment against the Defendant;

1. Award Tyrone Johnson attorney fees, costs and expert witness fees;
2. Award compensatory damages for lost wages and benefits, emotional pain and suffering, emotional distress, humiliation, anxiety, embarrassment, reputational

damages, loss of enjoyment of life and out-off-pocket expenses or other financial losses, plus lawful interest;

3. Award punitive damages pursuant to G.L. c. 151B §9;

4. Award multiple damages pursuant to G.L. c. 151B §9;

5. Order the respondents to pay prejudgment interest from the date of the filing of this complaint with the EEOC/MCAD; and

6. Award damages pursuant to G.L. c. 151B;

7. Award damages under any relevant law, rule and regulation whether State or Federal;

8. Award such other relief as the MCAD deems fair and just:

**Respectfully submitted,**
**for**

**TYRONE JOHNSON,**

By his attorney,

James J. Heggie, BBO No. 659244
333 Ricciuti Drive, #1721
Quincy, MA 02169
Telephone: (617) 842-2175

James.heggie@quincycollege.edu

Dated: October 15, 2024